UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDRICH LITZO,<br>Plaintiff,<br>v.<br>HOME DEPOT U.S.A., INC.,<br>Defendant. | No. 2:26-cv-00098-DJC-CKD<br><br>ORDER |

Plaintiff John Fredrich Litzo originally filed suit in the Sacramento County Superior Court against his former employer, Defendant Home Depot U.S.A., Inc., for negligence and premises liability. Defendant removed the action to this court on the basis of diversity jurisdiction. Plaintiff now requests leave to amend the complaint to replace Doe 1 with Kevin Belmontes Gonzalez. Plaintiff also seeks remand should amendment be granted as the addition of Gonzalez, a California citizen, would destroy diversity and deprive this Court of jurisdiction. (ECF No. 5.)

For the reasons stated below, Plaintiff's Motion is granted, Plaintiff is granted leave to amend, and this matter is remanded back to the Sacramento County Superior Court.

## BACKGROUND

The operative complaint provides limited information but alleges that Plaintiff was injured while employed by Defendant Home Depot when another employee struck Plaintiff with a forklift and "subsequently unloaded wooden pallets and cement bags onto Plaintiff's legs." (ECF No. 1 at 9.) The operator of the forklift was unidentified in the complaint. (*See id.*) Plaintiff now seeks to amend the complaint to add Kevin Belmontes Gonzalez as a defendant, identifying him as the individual who operated the forklift in connection with Plaintiff's injuries and asserting that his operation of the forklift was negligent. (Mot. (ECF No. 5) at 1.) Defendant opposes amendment primarily on the basis that Plaintiff is seeking to improperly join Gonzalez in an attempt to defeat diversity jurisdiction. (Opp'n (ECF No. 8).)

## LEGAL STANDARD

Generally speaking, requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted)). Where assessing whether to permit an amendment to join a defendant that would defeat diversity jurisdiction, the Court applies 28 U.S.C. § 1447(e).[1] *See Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-cv-01142-DJC-AC, 2024 WL 1306170 (E.D. Cal. Mar. 25, 2024). In applying a section 1447(e) analysis, courts consider the following factors:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely

[1] In their Opposition, Defendant recognizes that "courts routinely apply § 1447(e)—not [Federal Rule of Civil Procedure] 15(a)—when a plaintiff seeks to add a non-diverse defendant after removal." (Opp'n at 6.) Nevertheless, Defendant also discusses Rule 15(a) and it's standard elsewhere in their brief. (*Id.* at 4–5, 11.) As the section 1447(e) analysis is the appropriate mechanism for assessing whether to permit a jurisdiction destroying joinder, the Court interprets Defendant's references to Rule 15 as argument in the event the Court elected not to apply section 1447(e).

> to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *3 (E.D. Cal. Dec. 8, 2020); *see Garcia*, 2023 WL 2612605, at *6. "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." *Reyes*, 2020 WL 7224286, at *3 (quoting *Cruz v. Bank of N.Y. Mellon*, No. 5:12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)). Where diversity is the only basis for a court's subject matter jurisdiction, joinder of non-diverse parties divests the court of jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (2001).

**DISCUSSION**

The Court analyzes the post-removal joinder of individuals who would destroy diversity under 28 U.S.C. § 1447(e).[2] Considering the factors utilized by courts in applying section 1447(e), it appears that joinder is appropriate.

***First***, it appears that joinder of Gonzalez is appropriate under Rule 19. Under Federal Rule of Civil Procedure 19, parties are required to be joined if "[their] absence would preclude the grant of complete relief, or [their] absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). While courts consider Rule 19 in conducting the Section 1447(e) analysis, *see Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-cv-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017), compared to Rule 19, the question of whether to allow joinder is more permissive under Section 1447(e), requiring only that "failure to join will lead to separate and redundant actions[.]" *IBC Aviation Servs., Inc. v. Compania*

---

[2] Defendant references the concept of "fraudulent joinder" in their opposition. (*See* Opp'n at 2.) The fraudulent joinder analysis applies at the time of removal to address pre-removal joinder of non-diverse defendants. *See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002); *see also Fortenberry v. Walmart Inc.*, No. 23-cv-002601-KK-SHKX, 2024 WL 1343166, at *3 n.1 (C.D. Cal. Mar. 29, 2024). Thus, the Court instead proceeds under the analysis prescribed by section 1447(e).

*Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000); *see Reyes*, 2020 WL 7224286, at *3 (noting that the standard for joinder under 1447(e) is less restrictive than Rule 19). However, the joinder of defendants who would destroy diversity is generally disallowed "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

Here, Gonzalez is not only tangentially related to the cause of action but intrinsically involved in the underlying claims. It is admittedly somewhat unclear whether Plaintiff could obtain full relief in the absence of Gonzalez. Defendant argues that California Labor Code section 2802 requires that Defendant indemnify Gonzalez "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties," and that this thus renders Gonzalez unnecessary for Plaintiff to obtain full relief. (Opp'n at 8.) However, section 2802 does not present a bar on bringing claims against individual employees and only covers acts within the scope of employment. *See Tillman v. Lowe's Home Ctrs., LLC*, No. 23-cv-00647-L-BGS, 2023 WL 5608404, at *2 (S.D. Cal. Aug. 30, 2023); *see also Munger Bros., LLC v. Nutrien AG Sols., Inc.*, No. 1:24-cv-01135-KES-HBK, 2024 WL 5007393, at *3 (E.D. Cal. Dec. 6, 2024). Given Gonzalez's direct and vital involvement with the underlying cause of action as the operator of the forklift, this factor supports joinder.

***Second***, the statute of limitations would not prevent Plaintiff from bringing an original action against Gonzalez in state court. As such, this factor weighs against permitting joinder under Section 1447(e).

***Third***, there has not been an unexplained delay in seeking to join Gonzalez. In determining whether there has been an unexplained delay, courts consider "the length of time that passed between plaintiff filing the original complaint and the amended complaint" as well as "whether dispositive motions have been filed." *Reyes*, 2020 WL 7224286, at *5. Defendant served responses identifying Gonzalez on

December 5, 2025. (See Opp'n at 5.) Plaintiff filed the present motion to amend on February 19, 2026. (ECF No. 5.) This timeline is nonetheless well within the period of time found reasonable by other courts, especially where, as here, dispositive motions have not yet been filed. *See e.g.*, *Lara v. Bandit Industries, Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (finding a motion to amend filed five months after the original complaint and three months after removal to not constitute unexplained delay); *Aqua Connect, Inc. v. Code Rebel, LLC*, No. 11-cv-5764, 2012 WL 1535769, at *2 (C.D. Cal. Apr. 27, 2012) (finding a five-month delay after the original complaint was filed was not unreasonable). Accordingly, this factor weighs in Plaintiff's favor.

***Fourth***, Plaintiff's purpose in seeking Gonzalez's joinder weighs slightly in Plaintiff's favor. While the Plaintiff's motive in requesting to join additional defendants is relevant to whether to grant leave to amend, especially where joining a new defendant will defeat diversity jurisdiction and require remand, *Desert Empire Banc v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980), suspicion about whether plaintiff's purpose in amending is to destroy diversity is not an important factor in the Section 1447(e) analysis. *IBC Aviation Services, Inc.*, 125 F. Supp. 2d at 1012 ("Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."). Plaintiff here identified Gonzalez as a Doe defendant in the original complaint, and Gonzalez is deeply involved in the factual core of the claims. It is certainly possible that Gonzalez's joinder is intended to defeat federal jurisdiction. But this is not readily apparent, and it certainly is not clear that the sole purpose is defeating diversity.

***Fifth***, Plaintiff's claim against Gonzalez is plainly facially valid, which is all that is required for this factor. *Reyes*, 2020 WL 7224286, at *8. The claim "need not be plausible or stated with particularity" but simply be sufficient for a state court to find that the Plaintiff states a cause of action against the non-diverse defendant. *Eguilos v. Volkswagen Group of America, Inc.*, No. 2:22-cv-00614-KJM-KJN, 2022 WL 2713273,

at *4 (E.D. Cal. July 13, 2022). Especially on this lower standard, this factor weighs in Plaintiff's favor.

***Sixth***, the potential prejudice weighs slightly in Plaintiff's favor. While it may be that Gonzalez is ultimately indemnified by Defendant, Plaintiff may proceed on claims against Gonzalez as an individual. Requiring that Plaintiff pursue those claims in a separate state court action creates some prejudice.

* * *

Considered together, the section 1447(e) factors weigh in favor of permitting joinder. As such, the Court exercises its discretion to permit the joinder of Bermeo as a defendant in this action under 28 U.S.C. § 1447(e). *See Dordoni v. FCA US LLC*, No. 20-cv-01475-JGB-SHKx, 2020 WL 6082132, at *4–5 (C.D. Cal. Oct. 15, 2020) (permitting amendment to join a defendant under Section 1447(e) where the statute of limitations had not run and Plaintiff's partial purpose in joining a party may have been to defeat diversity); *Avellanet v. FCA US LLC*, No. 19-cv-07621-JFW-KSx, 2019 WL 5448199, at *3–4 (C.D. Cal. Oct. 24, 2019) (same). Thus, the Court grants Plaintiff's Motion for Leave to Amend the Complaint.

**CONCLUSION**

In accordance with the above, it is hereby ordered that:

1. Plaintiff's Motion to Amend the Complaint (ECF No. 5) is GRANTED;
2. Within fourteen (14) days of this order, Plaintiff shall file a First Amended Complaint replacing Doe 1 with Kevin Belmontes Gonzalez; and
3. Upon filing of the First Amended Complaint, this action shall be remanded back to the Sacramento County Superior Court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE